UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION AT DAYTON

| | |
|---|---|
| **UNITED STATES OF AMERICA,** | Case No. 3:22 cr 0019 |
| Plaintiff, | INDICTMENT |
| v. | 18 U.S.C. § 371 |
| | 18 U.S.C. § 664   THOMAS M. ROSE |
| **MICHAEL GUENIN and** | 18 U.S.C. § 1027 |
| **BRIAN RITCHEY,** | 18 U.S.C. § 2 |
| Defendants. | |

THE GRAND JURY CHARGES:

At times material to this indictment:

    1.    The Employee Retirement Income Security Act of 1974 (ERISA), Title 29, United States Code, Section 1001 et seq., was enacted to protect the interests of participants in private sector employee welfare benefit plans, including employee pension benefit plans. An employee pension benefit plan is a plan, fund, or program established or maintained by an employer or association of employers for the purpose of providing retirement income to employees. Employees that elect to participate in the retirement plan can save a portion of their income and defer paying taxes on the income until they withdraw their money from the plan either at retirement or through early withdrawals. A typical ERISA employee pension benefit plan is the 401(K).

    2.    KMH Systems, Inc. ("KMH") was a for-profit corporation headquartered in Dayton, Ohio.

    3.    KMH established the KMH Systems, Inc. 401(k) Plan (the "Retirement Plan") to provide retirement benefits for its employees.

1

4. The Retirement Plan allows for participants to make tax deferred, salary reduction contributions. The Retirement Plan also permits participant loans which are repaid to the Retirement Plan through participant salary withholdings.

5. Defendant **MICHAEL GUENIN** was the owner and Chief Executive Officer of KHM.

6. Defendant **BRIAN RITCHEY** was KMH's Chief Financial Officer. **BRIAN RITCHEY** was a contractor and not an employee of KMH.

7. Individual A was KMH's Human Resources manager and in charge of processing payroll and Retirement Plan contributions.

## COUNT ONE

[18 U.S.C. §§ 371 and 2]

8. The allegations in paragraphs 1 through 7 are incorporated by reference.

9. From in or about January 2017, until and including January 2021, in the Southern District of Ohio and elsewhere, the Defendants, **MICHAEL GUENIN** and **BRIAN RITCHEY**, along with others known and unknown to the Grand Jury, acting with the intent to deprive the Retirement Plan of its funds, knowingly conspired to embezzle, steal and unlawfully and willfully abstract and convert to their own use and the use of another in the approximate amount of $155,604, the moneys, funds, securities, premiums, credits, property and other assets of the Retirement Plan, an employee pension benefit plan subject to Title I of the Employee Retirement Income Security Act of 1974, in violation of Title 18, United States Code, Sections 371 and 664.

### Manner and Means of the Conspiracy

10. The manner and means by which **MICHAEL GUENIN** and **BRIAN RITCHEY** would and did carry out the conspiracy included, but were not limited to, the following:

2

    a.    **MICHAEL GUENIN** and **BRIAN RITCHEY** controlled operation of the funding of the Retirement Plan and were aware that they were not allowed to take employee withholdings for their own benefit or for KMH's benefit.

    b.    Despite understanding this, **MICHAEL GUENIN** and **BRIAN RITCHEY** intentionally did not remit funds for the Retirement Plan. Instead of depositing all of the withholdings for the Retirement Plan as 401k contributions or repaying the participant loans, defendants **MICHAEL GUENIN** and **BRIAN RITCHEY** diverted the funds to themselves and/or KMH.

    c.    In an effort to conceal their actions, **MICHAEL GUENIN** and **BRIAN RITCHEY** submitted or caused to be submitted documentation to the Department of Labor that stated KMH and **MICHAEL GUENIN** and **BRIAN RITCHEY** were in compliance in relation to the remittances into the Retirement Plan.

<u>Overt Acts</u>

11.    In furtherance of the conspiracy, and to accomplish its objects, each of the defendants committed, and caused others to commit, the following overt acts within the Southern District of Ohio and elsewhere, including, but not limited to the following:

    a.    On May 15, 2017, Individual A emailed **MICHAEL GUENIN** and **BRIAN RITCHEY** letting them know that employees were sent notices that their contribution payments are not being made.

    b.    On May 15, 2017, **MICHAEL GUENIN** responded by suggesting that they switch providers.

c. On June 2, 2017, **BRIAN RITCHEY** denied Individual A's request to pay contributions into the Retirement Plan in writing.

d. On or about December 28, 2017, Individual A emailed **BRIAN RITCHEY** asking for approval to process a 401k payment of $14,850.80.

e. On or about December 28, 2017, **BRIAN RITCHEY** responded, "Let's wait a day or two".

f. On or about May 21, 2018, Individual A emailed **BRIAN RITCHEY** with a list of four dates corresponding with outstanding 401k contributions for KMH asking when she may be able to transmit the contributions. **BRIAN RITCHEY** responded that he checked with **MICHAEL GUENIN** and approved transmitting contributions for only one of the four dates.

g. On or about February 4, 2019, **MICHAEL GUENIN** emailed **BRIAN RITCHEY** and Individual A acknowledging that **MICHAEL GUENIN** was aware of the defaulted participant loans and inquired about whether they can file with the IRS's Voluntary Correction Program to get a record of default removed.

h. In a text message exchange between **BRIAN RITCHEY** and Individual A, **BRIAN RITCHEY** told Individual A that she can sign the management representation letter as secretary of the company. Individual A asks **BRIAN RITCHEY** "How can I sign the letter because of what is stated about KMH being in compliance and no communications from regulatory agencies?"

i. From at least April 23, 2018, through July 31, 2019, **BRIAN RITCHEY** and **MICHAEL GUENIN** received emails notifying them that the aggregate amounts withheld from the Retirement Plan participant's salaries were not being remitted to the Retirement Plan, however neither took action to make the Retirement Plan whole.

j. On December 17, 2018, **BRIAN RITCHEY** emailed **MICHAEL GUENIN** regarding KMH's cash needs "401K $60k by end of year."

k. From at least April 8, 2018, through December 19, 2019, **BRIAN RITCHEY** and **MICHAEL GUENIN** were emailed directly by the Retirement Plan participants or were forwarded emails from KMH employees notifying them both that amounts withheld from employees' salaries had not been remitted to the Retirement Plan.

l. On April 8, 2019, **MICHAEL GUENIN** was emailed directly from an employee who stated "The deficiency is currently over $8K."

m. In an October 13, 2019, management representation letter signed by **BRIAN RITCHEY,** he represented to the Retirement Plan's auditor that for the year ending December 31, 2018, "The Plan has complied with the DOL's regulations concerning the timely remittance of contributions to trusts containing assets for the Plan." and "There were no reviews or inquiries by the DOL, IRS, or other regulatory agency of the Plan's activities or filings since our last audit."

5

n. From at least October 15, 2018, through November 12, 2019, **BRIAN RITCHEY** and **MICHAEL GUENIN** attempted to appease the employees by offering solutions to rectify the delinquent contributions. On February 3, 2019, in response to an employee who notified **MICHAEL GUENIN** that his Retirement Plan loan defaulted that created a taxable situation, **MICHAEL GUENIN** responded with "KMH definitely will be figuring out the tax situation . . . We may have our CPA contact you and we will pay him to do yours as he may be able to come up with a solution on it."

o. On the 2018 Annual Report Form 5500 dated October 15, 2019, the question "Was there a failure to transmit to the plan any participant contributions . . . ?" And the box for "No" is marked with an X. The Retirement Plan's auditor completed the 2018 Annual Report Form 5500 pursuant to representations in the October 13, 2019, management representation letter signed by **BRIAN RITCHEY**.

p. On July 31, 2019, **MICHAEL GUENIN** emailed Individual A and asked "What is the amount that we owe Sam to make him whole on his 401K?"

All in violation of Title 18, United States Code, Sections 371 and 2.

6

## COUNT TWO

[18 U.S.C. § 664 and § 2]

12. From on or about January 4, 2018 to December 6, 2019, in the Southern District of Ohio, defendants, **MICHAEL GUENIN** and **BRIAN RITCHEY,** aiding and abetting each other, acting with intent to deprive the Retirement Plan of its funds, did embezzle, steal and unlawfully and willfully abstract and convert to their own use and the use of another in the approximate amount of $155,604, the moneys, funds, securities, premiums, credits, property and other assets of KMH Systems, Inc. 401(k) Plan, an employee pension benefit plan subject to Title I of the Employee Retirement Income Security Act of 1974.

All in violation of Title 18, United States Code, Sections 664 and 2.

## COUNT THREE

[18 U.S.C. § 1027 and § 2]

13. On or about October 13, 2019 in the Southern District of Ohio, in a document required by Title I of the Employee Retirement Income Security Act of 1974 ("ERISA") to be kept as part of the records of the KMH Systems, Inc. 401(k) Plan, an employee pension benefit plan, defendant **BRIAN RITCHEY** did make false statements and representations of fact, knowing the same to be false, and did knowingly conceal, cover up and fail to disclose to the Plan's Auditor facts in a management representation letter, a document that is required to be kept as part of the records of an employee pension benefit plan and which were necessary to verify, explain, clarify and check for accuracy and completeness the Annual Report Form 5500, a report required by ERISA to be published, namely: in an October 13, 2019, management representation letter signed by **BRIAN RITCHEY,** he represented to the Plan's auditor that (1) "The Plan has complied with the DOL's regulations concerning the timely remittance of contributions to trusts containing assets for the Plan." and (2) "There were no reviews or inquiries by the DOL, IRS, or other regulatory agency of the Plan's activities or filings since our last audit." In making these representations, **BRIAN RITCHEY** knew they were false because (1) **BRIAN RITCHEY** acknowledged in an August 28, 2018, email his knowledge of unremitted contributions to the Plan, and was further updated regarding the amount of unremitted contributions in emails on March 26, 2019 and July 16, 2019; and (2) **BRIAN RITCHEY** was advised in March 29, 2019, and July 8, 2019, emails of DOL inquiries.

All in violation of Title 18, United States Code, Sections 1027 and 2.

A TRUE BILL

/S/
Foreperson

KENNETH L. PARKER
United States Attorney

DEMARR MOULTON
Assistant United States Attorney

9